**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

CHARLES DUBOIS,

                        Plaintiff,

      v.                                9:22-CV-929
                                   (BKS/DJS)

ST. LOUIS, *et al.*,

                        Defendants.

_____

**APPEARANCES:**                **OF COUNSEL:**

CHARLES DUBOIS
Plaintiff, pro se
19-B-1870
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

LETITIA JAMES                ANTHONY R. HUNTLEY, ESQ.
New York State Attorney General      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**<u>REPORT-RECOMMENDATION and ORDER</u>**[1]

    *Pro se* Plaintiff Charles DuBois brought this action pursuant to 42 U.S.C. § 1983,

alleging that Defendants violated his civil rights.  Dkt. No. 6, Am. Compl.  Presently

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c).

pending is Defendants' Motion to Dismiss the Amended Complaint for failure to prosecute, pursuant to FED. R. CIV. P. 41(b), and failure to obey a discovery order, pursuant to FED. R. CIV. P. 37. Dkt. No. 39. Plaintiff did not respond to the Motion and the Court then *sua sponte* granted him an extension of time to do so. Dkt. No. 40. Despite that, Plaintiff has filed no response to the Motion. For the reasons that follow, it is recommended that Defendants' Motion be granted.

## I. DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 41

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962). Dismissal pursuant to Rule 41(b) requires a court to balance five factors, which are:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996). Dismissal under Rule 41(b) is based on a court's weighing of all five factors, with no single factor being dispositive. *Davis v. Rowe,* 2011 WL 3159133, at *1 (N.D.N.Y. July 26, 2011).

This circuit has noted that "dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations.'" *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37,

42 (2d Cir. 1982) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, "the authority to invoke [dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* *Pro se* litigants are also to be afforded "particular leniency" in this type of procedural matter. *Davis v. Rowe*, 2011 WL 3159133, at *1. Nevertheless, *pro se* litigants "are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab'y*, 487 F. App'x 671, 672 (2d Cir. 2012).

### 1. Duration of Plaintiff's Failure to Comply

The Court finds that the first factor weighs in favor of dismissal. In assessing the duration of Plaintiff's failure to prosecute or failure to comply with court orders and the federal rules, "we ask (1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001). Neither the federal rules nor relevant case law provide for a period of time that must elapse before a plaintiff has failed to prosecute. However, under the local rules of this Court, "[i]n the absence of an order . . . the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." L.R. 41.2(a). Further, this Court has held that failure to comply for a duration as short as five months is substantial where "failures have been ongoing and in the face of

multiple . . . court orders directing him to comply." *Crawley v. Helas*, 2010 WL 2545159, at *3 (N.D.N.Y. May 25, 2010).

Here, there can be little dispute that fault for failure to prosecute this case falls solely on Plaintiff. On June 7, 2023, the Court issued a Mandatory Pretrial Discovery and Scheduling Order ("Discovery Order"), which, among other things, directed Plaintiff to comply with discovery procedures. Dkt. No. 27 at pp. 1-2. Defendants served Plaintiff with notice of a deposition scheduled for December 5, 2023. Dkt. No. 39-6. The deposition was rescheduled for December 7, 2023, as a result of a security issue at Mid-State Correctional Facility. Dkt. No. 39-7, Huntley Decl. at ¶ 14. When that date came, Defendants' counsel was ready to proceed with his virtual deposition of Plaintiff. *Id.* at ¶ 15. However, a Mid-State security officer notified Defendants that Plaintiff was refusing to leave his cell for the deposition. *Id.* To date, Plaintiff has not contacted Defendants to discuss rescheduling the deposition and moving the case forward. *Id.* at ¶ 23.

On December 11, 2023, in response to this issue, Defendants' counsel submitted a letter to the Court requesting a conference. Dkt. No. 34. This Court granted that request and scheduled a conference on January 8, 2024. Dkt. No. 35. Plaintiff refused to join the telephone conference, but defense counsel was present. Text Minute Entry Dated 01/09/2024. The Court rescheduled the conference for February 1, 2024, and directed Plaintiff to immediately notify the Court in writing as to whether he intended to prosecute this case and whether he was going to willingly participate in discovery.

4

Dkt. No. 36.  Plaintiff did not provide anything to the Court following this Order.  At the February 1, 2024 conference, Defendants' counsel was present, but Plaintiff again refused to leave his cell.  Text Minute Entry Dated 02/01/2024.  Both the Court and Defendants have clearly been ready to proceed at each juncture referenced above.  "The case is effectively dormant and cannot proceed without Plaintiff's participation." *Abarca v. Chapter 4 Corp.*, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). Therefore, the delay is a result of Plaintiff's own failures.

Secondly, the duration of these failures is "significant" for a number of reasons. First, as stated above, the Local Rules of this Court provide that four months of inaction on Plaintiff's behalf is presumed to be evidence of failure to prosecute.  L.R. 41.2(a). Plaintiff has not engaged in any conduct to move this litigation forward since at least the December 7, 2023, deposition attempt.  This delay is more than sufficient to satisfy the local rule.  Moreover, "significant delay can range from weeks to years depending upon the circumstances." *Vazquez v. Davis*, 2014 WL 5089457, at *5 (S.D.N.Y. Sept. 19, 2014).  This Court has held that where "Plaintiff has failed to contact the Court or prosecute his case in any way, with the result that the failure to prosecute has persisted for five to eight months" the duration is "significantly lengthy" to weigh in favor of dismissal.  *Davis v. Rowe*, 2011 WL 3159133, at *2.

## 2. Notice that Further Delays Would Result in Dismissal

The Court finds that the second factor also weighs in favor of dismissal.  The question here is whether:

Plaintiff has received adequate notice that his case may be dismissed should he fail to comply with the Court's orders. 'While a court is ordinarily obligated to afford a special solicitude to pro se litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal.'

*Murphy v. City of Elmira*, 2024 WL 477568, at *2 (W.D.N.Y. Feb. 7, 2024) (quoting *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014)).

Here, Plaintiff received clear notice that failure to comply with the Court's orders could result in dismissal multiple times. First, the Discovery Order states "failure of the plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action . . . ." Dkt. No. 27 at p. 5. Similarly, this Court issued a text order after Plaintiff failed to appear at the first telephone conference that stated:

The Plaintiff is specifically warned that his failure to comply with Court orders; his failure to participate in discovery; his failure to attend, be sworn, and answer questions at a deposition; or his failure to participate in Court conferences, may result in significant sanctions being imposed, including the dismissal of his Complaint.

Dkt. No. 36. Therefore, Plaintiff was given adequate warning that noncompliance could result in his case being dismissed.

### 3. Prejudice to Defendants

The prejudice factor likewise weighs in favor of dismissal. This factor focuses on whether Defendants are "likely to be prejudiced by further delay." *Davis v. Rowe*, 2011 WL 3159133, at *1. "Prejudice may be presumed as a matter of law in certain

cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). In situations where "delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id.* (internal quotations and citation omitted). However, even where prejudice is presumed, that presumption is rebuttable. *Id.* at 257.

Here, it has been roughly nine months since Plaintiff failed to appear at his scheduled deposition, which began this period of delay for which there is no end in sight. Moreover, the delay in this case is inexcusable. Plaintiff has failed to reach out to either the Court or Defendants' counsel with any explanation for the delay. Nor did he respond to the present Motion. Absent some excuse for the nine-month delay in this case, it is impossible for this Court to find it "excusable."

This factor has been found to weigh in favor of dismissal where "failure to comply with . . . [o]rders has prevented the defendants from receiving the pre-trial order materials needed to allow this case to go to trial." *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004). Plaintiff's failure to appear at his deposition has prevented Defendants from obtaining the discovery materials they need to proceed to trial. Def.'s Mem. of Law at p. 5. In addition, Defendants point out that the events giving rise to Plaintiff's claim allegedly occurred in 2022. Prejudice from further delay in a case such as this is likely since "it is quite likely that memories of the events in question have faded, relevant documents have been discarded, and witnesses have been transferred to other correctional facilities." *Wilson v. Perlman*, 2009 WL 1851336, at

*3 (N.D.N.Y. June 4, 2009).  In light of the foregoing, the Court finds that further delay will prejudice Defendants.

### 4. Balancing of Court's Interests and Plaintiff's Interests

At the fourth factor, a district court must "strike an appropriate balance between the district court's legitimate need to manage its congested docket and the plaintiff's right to due process." *Jackson v. City of New York*, 22 F.3d 71, 76 (2d Cir. 1994).  The Court finds this factor also weighs in favor of dismissal.

Here, "Plaintiff's resistance to complying with his obligation . . . to [adhere] to the Court's orders has imposed substantial burden on the Court." *Komatsu v. City of New York*, 2022 WL 1446545, at *10 (S.D.N.Y. Apr. 21, 2022).  This Court "has devoted a disproportionate amount of time to dealing with Plaintiff's interference with the progress of his own case, time that could more productively be put to work for other litigants." *Id.*  Both times the Court scheduled a mandatory conference, Plaintiff refused to attend.  Dkt. No. 36; Text Minute Entry Dated 02/01/2024.

This Court has given Plaintiff numerous opportunities to be heard in person and/or in writing, of which he has not taken advantage.  In addition to the above-mentioned conferences, Plaintiff was ordered to communicate his intent to the Court in writing, which he failed to do.  Dkt. No. 36.  "[T]he fact that [Plaintiff] repeatedly disobeyed court orders vastly diminishes his right to have his claim heard by this Court." *Feurtado v. City of New York*, 225 F.R.D. at 480.  Given that this case cannot proceed without Plaintiff's participation, this factor weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

The final factor for this Court to consider is whether "lesser sanctions would . . . [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *United States ex rel. Drake v. Norden Sys. Inc.*, 375 F.3d at 257. The Court has considered whether lesser sanctions would provide a sufficient remedy and concluded that they would not. "Plaintiff's continued defiance of Court orders after being warned that the consequence of noncompliance [could be] dismissal indicates that lesser sanctions would be 'an exercise in futility.'" *Komatsu v. City of New York*, 2022 WL 1446545, at *11 (citation omitted).

Plaintiff has been unresponsive to Defendants' counsel and to this Court since at least November 2023. Huntly Decl. at ¶ 23. Prior to this Court granting leave for Defendants to file an appropriate motion, Plaintiff was directed by the Court to attend his deposition, notified of the first and second Court conferences, and ordered to provide a written explanation to the Court of his intent to move the case forward. Dkt Nos. 27 & 36; Text Minute Entry Dated 02/01/2024. Not only did Plaintiff disregard each of these directives, but Plaintiff also did not make any contact with the Court or Defendants' counsel to excuse the failures. Rather than impose sanctions at the time of each of these failures, the Court provided multiple opportunities for Plaintiff to explain himself. Plaintiff's "repeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [his] conduct." *Peterson v. Apple Inc.*, 2013 WL 3467029, at *11 (S.D.N.Y. July 10, 2013).

**II. DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 37**

Rule 37 of the Federal Rules of Civil Procedure allows a court to impose sanctions, including dismissal of the case, when a party fails to attend its own deposition, FED. R. CIV. P. 37(d)(1), or fails to obey a discovery order.  FED. R. CIV. P. 37(b)(2). Courts in the Second Circuit balance four factors when considering a motion to dismiss pursuant to Rule 37.  Those factors are: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance."  *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (citation omitted).  As the Second Circuit has noted, "there is little distinction whether the dismissal is technically made under Rule 41 or Rule 37" given the substantial overlap in the factors.  *Peters-Turnbull v. Bd. of Educ. of New York*, 7 F. App'x 107, 111 (2d Cir. 2001).

While the efficacy of lesser sanctions, the duration of non-compliance, and whether Plaintiff was on notice have been addressed above and found to weigh in favor of dismissal, the Rule 37 factors also explicitly consider whether the Plaintiff's failures were willful.  Characteristics such as willfulness, bad faith, and fault of the Plaintiff have been contrasted with inability to comply with discovery orders, with only the former being permissible reasons for dismissal.  *See Cine Forty-Second St. Theatre Corp. v Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).  There is little doubt that Plaintiff's failure to comply with the Court's discovery orders was willful.

Plaintiff's refusal to leave his cell for his deposition and both court conferences indicate willfulness not to attend rather than an inability. *See, e.g.*, *Aigwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009). Likewise, Plaintiff's failure to reschedule the deposition or provide an explanation for the failure to comply indicates willful avoidance of the deposition rather than some sort of uncontrollable conflict. *See id.*

Consideration of the foregoing factors leads this Court to conclude that dismissal of Plaintiff's action is the only sanction that will sufficiently address his repeated failures to comply with court orders. Accordingly, Defendants' motion for dismissal pursuant to FED. R. CIV. P. 41 and FED. R. CIV. P. 37 should be granted.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 39) be **GRANTED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human*

*Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 9, 2024
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge